IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BADFISH CHARTERS,<br>Plaintiff | § § § | CIVIL ACTION NO. |
| | § | 2:21-cv-00130 |
| VS. | § § | |
| | § | JURY |
| VIRGINIA DIESEL & TRUCK<br>REPAIR, INC.<br>Defendant | § § § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**
**(Subject to Motion for Leave)**

COMES NOW Plaintiff, Badfish Charters, and files this its First Amended Complaint complaining of Defendant Virginia Diesel & Truck Repair a/k/a Jacobs Diesel ("Jacobs Diesel") and in support thereof would show this Court as follows:

I.
PARTIES

1.1   Plaintiff, Badfish Charters, is a Texas limited liability company with an address of 503 Craig Street, Karnes City, Texas 78118, Karnes County, Texas, but said limited liability company does business in Port Aransas, Texas.

1.2   Defendant, Virginia Diesel & Truck Repair, Inc., is a Virginia corporation that does business in Texas. It has been served with process and answered and subjected itself to the jurisdiction of this Court.

## II.
## JURISDICTION

2.1 This Court has diversity jurisdiction over this lawsuit under 28 U.S.C. 1332(a)(1) because the Plaintiff and the Defendant are citizens of different U.S. States, the Defendant is not a citizen of this State, and the amount in controversy exceeds $75,000, excluding interests and costs.

## III.
## VENUE

3.1 Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. Specifically, the vessel that Plaintiff owns and uses to perform these private offshore deep sea fishing trips permanently is anchored at the Municipal Harbor Landing Marina, located at 301 JC Bar Boulevard, Port Aransas, Texas, Dock 8, Slip 820, and because, all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Port Aransas, Nueces County, Texas, and damages accrued in Port Aransas, Nueces County, Texas.

## IV.
## FACTS

4.1 Badfish Charters is a private offshore deep sea fishing company which owns a vessel that is designed for, and which is used for, private fishing tours or charters. Badfish Charters moors its vessel in Port Aransas, Texas. Badfish Charters

contracted with the Defendant to purchase a refurbished engine for the vessel, specifically a remanufactured or reconditioned CAT 3126, and paid $23,280.00 for it. The engine was sold with an express warranty:

> Equipment is delivered with one year unlimited hours & parts warranty. VA Diesel/Jacobs Diesel must be notified prior to any repairs during warranty period or the warranty will be void warranty on all parts and labor irrespective of hours on the engine for one year.

4.2     In addition to the express warranty, the engine was sold subject to the implied warranties under the Texas Uniform Commercial Code (UCC), specifically, a warranty of merchantability and a warranty for fitness for intended purpose.

4.3     After the engine was installed on the Plaintiff's vessel, the engine failed numerous times, eventually failing to such a degree that the rods broke through the engine block, destroying the engine. The Defendant promised to replace the engine, had a replacement engine sent to Texas, and then refused to install it. Thus the Defendant breached its express warranty and breached the implied warranties of fitness for intended purpose and warranty of merchantability. The Plaintiff had no recourse but to acquire another engine from another party, install it on his vessel. Since such installation, the Plaintiff has had no problems with his vessel. As a result of its breach of express and implied warranties, the Plaintiff has been damaged in the amount it paid for such engine, the replacement engine, and consequential, special, and incidental damages, including the lost profits associated with the

cancellation of charters when the vessel could not operate, and the expected charters that the vessel could not undertake because it was unable to operate due to the defective engine. The Plaintiff is also entitled to reasonable and necessary attorney's fees.

## V.
## CLAIMS
### A.
### Breach of Contract

5.1   The Plaintiff and Defendant executed a valid and enforceable written and oral contract. Based upon the allegations of the facts above, Defendant breached its agreement with Plaintiff which resulted in damages to it in excess of $132,680.00.

### B.
### Breach of Express Warranty

5.2   The Defendant breached its express warranty with the Plaintiff, namely, the engine was delivered with a one-year unlimited hours & parts warranty. The engine operated poorly due to defects in the refurbishment or remanufacturing process, and eventually failed entirely. The Defendant was notified of such failure, and its efforts at remedying the failure were unavailing. The Defendant recognized the need for replacing the engine, acknowledged its fault, shipped a replacement engine to Texas, and then refused to install it. The breach of the express warranty resulted in damages to the Plaintiff in excess of $132,680.00.

## C.
## Breach of Implied Warranty of Merchantability

5.3    The Defendant breached the implied warranty of merchantability. The implied warranty of merchantability is based upon the reasonable expectation of parties to a contract involving the sale of goods that the goods purchased are not defective, and that the goods purchased are fit for the ordinary purpose for which they are used. The Defendant is a merchant with respect to engines as it is in the business of remanufacturing or reconditioning engines and selling them to persons such as the Plaintiff. Moreover, the Defendant holds itself out as having knowledge or skill specific to remanufactured or reconditioned engines. The Defendant's breach of the implied warranty of merchantability resulted in damages to the Plaintiff in excess of $132,680.00.

## D.
## Breach of Implied Warranty of Fitness for Particular Purpose

5.4    The Defendant breached the implied warranty of fitness for a particular purpose. The Defendant was aware that the Plaintiff was acquiring the engine for the purpose of installing it on a fishing vessel used for fishing charters. The Plaintiff relied upon the Defendant's skill and judgment to provide refurbished or remanufactured engines. The Defendant is a merchant with respect to the engines as it is in the business of remanufacturing or reconditioning engines and selling them

to persons such as the Plaintiff. Moreover, the Defendant holds itself out as having knowledge or skill specific to remanufactured or reconditioned engines. The Defendant's breach of the implied warranty of fitness for a particular purpose resulted in damages to the Plaintiff in excess of $127,905.00.

## E.
## Breach of Implied Warranty of Good Workmanship

5.5   The Defendant breached the implied warranty of good workmanship. The Defendant holds itself out as having knowledge or skill specific to remanufactured or reconditioned engines, and it performed such services on the engine purchased by the Plaintiff. Thus, there was an implied warranty of good workmanship arising out of the reconditioning or remanufacturing of the engine purchased by the Plaintiff. The Defendant's breach of the implied warranty of good workmanship resulted in damages to the Plaintiff in excess of $132,680.00.

## F.
## Texas DTPA

5.6   The Plaintiff would show that it was a consumer of the engine sold by the Defendant in that it sought and acquired the reconditioned or remanufactured engine for purchase. As alleged in sections B through E above, the Defendant breached express and/or implied warranties, and such breach was a producing cause of damages to it in excess of $132,680.00.

## VI.
## ATTORNEY'S FEES

6.1   Plaintiff has had to employ the undersigned attorney. Demand has been made and a just amount has not been paid. Accordingly, Plaintiff is entitled to reasonable and necessary attorney's fees, both under contract and under Chapter 38 of the Texas Civil Practice & Remedies Code, for which it seeks judgment. Additionally, or in the alternative, the Plaintiff is entitled to reasonable and necessary attorney's fees under Section 17.50 of the Texas DTPA.

## VII.
## JURY DEMAND

7.1   Plaintiff previously demanded a trial by jury and, contemporaneously with the filing of its original petition, tendered a jury fee.

## VIII.
## CONDITIONS PRECEDENT

8.1   All conditions precedent to the bringing of this lawsuit have occurred or have been met.

## IX.
## INTEREST

9.1   Plaintiff prays that it obtain prejudgment interest on any amounts awarded at the highest rate allowed by law at the earliest date allowed by law. Plaintiff further

prays that any judgment provide for post-judgment interest at the highest rate allowed by law from the date of judgment until paid.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Defendant be cited to appear and answer, and that following trial on the merits, it be awarded its damages, actual, consequential, special, and incidental and attorney's fees incurred in this litigation. Plaintiff further prays for all other relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**HARRIS & GREENWELL**
One Shoreline Plaza
800 N. Shoreline Blvd., Suite 2800-S
Corpus Christi, Texas 78401
Tel: (361) 883-1946
Fax: (361) 882-2900
Email: agreenwell@harris-greenwell.com

By: _____
Andrew M. Greenwell
State Bar No. 00784170

**ATTORNEY FOR PLAINTIFF,
BADFISH CHARTERS**

## CERTIFICATE OF SERVICE

I, hereby certify by my signature appearing above, that on the ___13t___ day of October 2021, a true and correct copy of the above and foregoing document was served on counsel of record pursuant to the Texas Rules of Civil Procedure via e-service:

| | |
|---|---|
| Gary M. Bowman<br>ATTORNEY AT LAW<br>Colonial Hills Office Bldg.<br>2728 Colonial Ave., Suite 100<br>Roanoke, Virginia 24015 | Paul G. Kratzig<br>THE KRATZIG LAW FIRM<br>615 N. Upper Broadway, Suite 900<br>Corpus Christi, Texas 78401 |