Case 2:21-cv-00130   Document 157   Filed on 02/27/23 in TXSD   Page 1 of 5
United States District Court
Southern District of Texas
**ENTERED**
February 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BADFISH CHARTERS, § § Plaintiff, § § VS. § VIRGINIA DIESEL & TRUCK REPAIR, § INC., § § Defendant. § | CIVIL ACTION NO. 2:21-CV-00130 |

## ORDER ON POSTJUDGMENT MOTIONS

Before the Court are four motions, which have been extensively briefed. The motions and their dispositions are set out below.

**Motion for New Trial**. Plaintiff Badfish Charters (Badfish) filed its Motion for Partial New Trial on Damages (D.E. 136, 137), to which Defendant Virginia Diesel & Truck Repair, Inc. (Virginia Diesel) responded (D.E. 143) and Badfish replied (D.E. 147).

Plaintiff seeks to retain the jury's findings pertaining to Virginia Diesel's liability for breach of warranty, but contends that the finding of zero damages is so contrary to the great weight and preponderance of the evidence as to be manifestly erroneous and unjust. Virginia Diesel responds that the verdict is consistent with the evidence, highlighting credibility and mitigation of damages issues.

After due consideration, the Court **DENIES** the motion for new trial on damages (D.E. 136).

**Motion for Judgment as a Matter of Law**.  Defendant Virginia Diesel filed its Motion for Judgment as a Matter of Law (D.E. 145, 146), which it later corrected (D.E. 149, 150).  As a preliminary matter, the Court administratively **TERMINATES** the original motion (D.E. 145) and disregards the supporting brief (D.E. 146) as superseded.  Plaintiff Badfish responded (D.E. 148) and Virginia Diesel replied (D.E. 153).

Virginia Diesel seeks judgment—contrary to the verdict—that Badfish repaired the delivered equipment without first notifying Virginia Diesel, thus voiding Virginia Diesel's warranty.  More specifically, Virginia Diesel claims that the evidence is conclusive that the repair was done to the delivered equipment and complains that the jury charge was confusing in its treatment of the term "engine" as opposed to "long block."

Badfish argues that Virginia Diesel did not preserve any complaint about the jury charge by objecting to it prior to submitting the case to the jury and the complaint is thus waived, as it does not constitute plain error.  It further argues that the evidence was disputed regarding the nature of the repairs and the identity of the "delivered equipment" at issue.  Virginia Diesel replies, complaining of Badfish's representation of the dates the equipment was delivered and the import of the evidence of malfunctions and repairs.  It further argues that preservation of jury charge error is not necessary to determine whether judgment as a matter of law was proper.

After due consideration, the Court **DENIES** the motion for judgment as a matter of law (D.E. 149).

**Motion to Alter Judgment** and **Motion for Costs**.  Defendant Virginia Diesel filed its Motion to Alter or Amend Final Judgment (D.E. 151), incorporating its Bill of Costs

(D.E. 138) and Motion for An Award of Costs (D.E. 139, 140). Badfish responded to both motions (D.E. 141, 154) and Virginia Diesel replied in support of both motions (D.E. 142, 155). Badfish then filed a Motion to Amend Response (D.E. 156), withdrawing its argument that the motion to alter judgment was not timely. Virginia Diesel did not respond to the motion to amend (D.E. 156) and it is **GRANTED**.

Virginia Diesel contends that it is entitled to mandatory costs of court pursuant to Federal Rule of Civil Procedure 68(d) because it made a pretrial offer of settlement to Badfish, which Badfish did not accept. Thereafter Badfish obtained a judgment that is not more favorable than the offer. Badfish responds that Rule 68 does not apply because it did not obtain a judgment. Instead, Virginia Diesel obtained a take-nothing judgment against Badfish.

Badfish cites Supreme Court and Fifth Circuit cases supporting this seemingly counter-intuitive proposition. The Supreme Court considered the purpose of Rule 68 as promoting reasonable settlements and not as unduly interfering with the court's discretion under Rule 54(d)(1), which otherwise applies.

> When Rule 68 is read literally, however, it is evenhanded in its operation. As we have already noted, it does not apply to judgments in favor of the defendant or to judgments in favor of the plaintiff for an amount greater than the settlement offer. In both of those extreme situations the trial judge retains his Rule 54(d) discretion. In the former his discretion survives because ***the Rule applies only to judgments "obtained by the offeree";*** in the latter, it survives because the Rule does not apply to a judgment "more favorable than the offer." Thus unless we assume that the Federal Rules were intended to be biased in favor of defendants, we can conceive of no reason why defendants—and not plaintiffs—should be given an entirely

> risk-free method of denying trial judges the discretion that Rule
> 54(d) confers regardless of the outcome of the litigation.

*Delta Air Lines, Inc. v. August*, 450 U.S. 346, 354–55 (1981) (footnotes omitted; emphasis added). "If a plaintiff takes nothing, . . . Rule 68 does not apply." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 333 (5th Cir. 1995). Badfish also argues that Virginia Diesel's arguments do not satisfy the requirements of Rule 59 to allow the extraordinary remedy of an amendment to the judgment.

While Virginia Diesel attempts to limit the Rule 68 cases to their facts, the holdings are clear. And Virginia Diesel's claim that Badfish obtained a judgment on liability confuses the verdict with the judgment. Badfish did not obtain a judgment of any kind because the judgment was a take-nothing judgment in favor of Virginia Diesel. So Rule 68 does not apply.

Consequently, the award of costs in this case is subject to the Court's wide discretion under Rule 54(d)(1). *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006). While there is a presumption in favor of awarding costs to the prevailing party, this Court may decline to do so as long as it states appropriate reasons for doing so. *Id*. The Court may not award costs to the nonprevailing party, but it has discretion to refrain from awarding costs to the prevailing party, ordering that each party bear part or all of its own costs. *Three-Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993, 999 (5th Cir. 1976).

The Fifth Circuit has

> explained that a district court may, but is not required to, deny
> a prevailing party costs where suit was brought in good faith

and denial is based on at least one of the following factors: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources."

*Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco v. Mineta,* 448 F.3d 783, 794 (5th Cir. 2006)).

While, overall, Virginia Diesel prevailed and is entitled to a take-nothing judgment against Badfish, Badfish did bring this action in good faith. The case involved close and difficult issues with respect to the interpretation of Virginia Diesel's warranty. And Badfish secured both a breach of warranty liability finding and a finding defeating Virginia Diesel's defense that the warranty had been voided. The jury's split decision in not awarding damages to Badfish should not make Badfish responsible for Virginia Diesel's costs. Indeed, at the end of the day, despite its breach of warranty, Virginia Diesel was able to keep the additional remanufactured engine that it had previously tendered to Badfish, a piece of equipment with substantial value.

The Court thus declines to add Virginia Diesel's costs of court to Badfish's losses. The motion for costs (D.E. 139) and the motion to alter or amend the judgment (D.E. 151) are both **DENIED**.

ORDERED on February 27, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE